UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> HI TECH MOTORCARS, LLC; HI TECH IMPORTS, LLC; and HI TECH LUXURY IMPORTS, LLC, <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin Hi Tech Motorcars, LLC; Hi Tech Imports, LLC; and Hi Tech Luxury, Imports, LLC (collectively "Hi Tech" or "Defendants") from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, hereinafter referred to as the Act, and for all other appropriate relief, including the payment of back wages, punitive damages, and any other benefits found due to an employee of Defendants by reason of Defendants' actions in violation of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Hi Tech Motorcars, LLC is now, and at all times hereinafter mentioned was, a

1

limited liability company formed under the laws of the State of Texas and operating and doing business at 200 E. Huntland Drive, Austin, Texas, 78752, in Travis, County, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.  Defendant Hi Tech Motorcars, LLC's registered agent for service of process is Ricardo M. Weitz, at 3800 Southwest Freeway, Suite 300, Houston, Texas, 77027.

Defendant Hi Tech Imports, LLC is now, and at all times hereinafter mentioned was, a limited liability company formed under the laws of the State of Texas and operating and doing business at 200 E. Huntland Drive, Austin, Texas, 78752, in Travis, County, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.  Defendant Hi Tech Imports, LLC's registered agent for service of process is Ricardo M. Weitz, at 3800 Southwest Freeway, Suite 300, Houston, Texas, 77027.

Defendant Hi Tech Luxury Imports, LLC is now, and at all times hereinafter mentioned was, a limited liability company formed under the laws of the State of Texas and operating and doing business at 12989 Research Blvd., Austin, Texas, 78750, in Travis, County, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.  Defendant Hi Tech Luxury Imports, LLC's registered agent for service of process is Ricardo M. Weitz, at 3800 Southwest Freeway, Suite 300, Houston, Texas, 77027.

III.

At all relevant times mentioned hereafter, Michael Pacho was employed by Defendants, and was employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6).

IV.

On or about January 12, 2021, Michael Pacho filed a retaliation complaint with the Occupational Safety and Health Administration (OSHA) alleging that Defendants discriminated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

Plaintiff thereafter investigated the above complaint in accordance with Section 11(c)(2) and determined that Defendants violated Section 11(c) of the Act.

V.

On or about December 14, 2020, Defendants discriminated against Pacho by terminating his employment because he exercised rights afforded by the Act when he warned managers and employees of a hazard in the workplace. Pacho learned that an employee who has been in the workplace and in close contact with other employees had tested positive for COVID-19. Pacho attempted to convince management to take steps to inform employees of the risk of exposure so they could take steps to protect themselves and reduce the chances of further transmission of the virus. Since management took no action, Pacho responded to a health-related email to all Defendants' employees, including management. In that December 14, 2020 email response, Pacho stated, "It has come to my attention that an employee has tested positive for COVID-19. I feel it is important to inform all employees of the current situation." Pacho also changed the regarding line of the email to read "COVID positive test in shop." Less than an hour after sending that email, Defendants terminated Pacho claiming he had identified the employee with COVID-

19, which he had not, and also confirmed he was terminated for sending this email because "his only job was to fix cars," thereby sending a clear message that management did not want its employees taking actions afforded by the Act in furtherance of workplace safety

VI.

As a result of Defendants' discriminatory actions, Pacho incurred damages, which include loss of salary, benefits and compensation, and other monetary and non-monetary losses resulting from Defendants' illegal termination of Pacho.

VII.

By the actions described in Paragraph V above, Defendants discriminated, and are discriminating against Complainant Michael Pacho because he exercised rights under or related to the Act, and Defendant engaged in conduct in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

WHEREFORE, Plaintiff prays for judgment:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c)(1) of the Act;

B. Ordering Defendants to make Pacho whole by 1) reimbursing him for lost wages and other lost benefits that resulted from Pacho's termination, with interest thereon from the date due until paid; 2) offering reinstatement to Pacho, or in lieu of reinstatement, providing him with front pay in an amount to be determined at trial; and 3) expunging from all personnel and company records references to the circumstances giving rise to Pacho's unlawful termination;

C. Ordering Defendants to make Pacho whole by providing compensation to reimburse him for any costs, expenses and/or other pecuniary losses he incurred as a result of

Defendants' discriminatory actions;

D. Ordering Defendants to compensate Pacho for other non-pecuniary damages he suffered, including emotional pain and suffering and damage to his professional and personal reputation;

E. Ordering Defendants to pay additional compensation to Pacho as exemplary or punitive damages in an amount to be determined at trial;

F. Ordering Defendants to post in a prominent place for a period of 60 consecutive days a notice stating they will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act; and

G. Ordering such other and further relief as may be necessary or appropriate, and for the costs of this action.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARY KATHRYN COBB
Counsel for Civil Rights

MATTHEW P. SALLUSTI
Senior Trial Attorney
Texas Bar No. 24013447
sallusti.matthew@dol.gov
docket.dallas@dol.gov

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone (972) 850-3100

Facsimile (972) 850-3101
RSOL No. 0620-21-00529

Electronically filed October 6, 2021

6