IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, *Secretary of Labor,* <br> *United States Department of Labor,* <br><br> Plaintiff, <br><br> v. <br><br> HI TECH MOTORCARS, LLC; HI TECH IMPORTS, LLC; and HI TECH LUXURY IMPORTS, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § | 1:21-CV-899-RP |

**<u>ORDER</u>**

Before the Court is Defendants Hi Tech Motorcars, LLC and Hi Tech Luxury Imports, LLCs' (together, the "Moving Defendants") Motion to Dismiss Plaintiff Martin J. Walsh's ("Plaintiff") Complaint (the "Motion"), (Dkt. 7), along with Plaintiff's Response, (Dkt. 8). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the Motion should be denied.

**I. BACKGROUND**

On October 6, 2021, Plaintiff sued the Moving Defendants and Defendant Hi Tech Imports, LLC (collectively, "Defendants") under Section 11(c)(1) of the Occupational Safety and Health Act (the "Act") of 1970, 29 U.S.C. §§ 651–678 in regard to discrimination against Michael Pacho ("Pacho"), an alleged employee of Defendants. (Dkt. 1, at 1). On January 12, 2021, Pacho filed a complaint of retaliation with the Occupational Safety and Health Administration ("OSHA") claiming Defendants discriminated against him by terminating his employment after he engaged in the protected activity of warning other employees of a workplace hazard. (*Id.* at 3). Pacho claims to have been terminated in response to an email he sent warning others that a fellow employee who had been present in the workplace had tested positive for COVID-19. (*Id.*). He claims to have sent

1

the email after management refused to inform other employees of the exposure so that they could take appropriate protective measures. (*Id.*). Plaintiff investigated Pacho's complaint to OSHA pursuant to Section 11(c)(2) and determined that Defendants violated Section 11(c) of the Act. Plaintiff then filed suit in this Court. (*Id.*). In the Complaint, Plaintiff alleges that "[a]t all times mentioned hereafter, Michael Pacho was employed by Defendants, and was employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6)." (*Id.*).

On December 13, 2021, the Moving Defendants filed the instant Motion, seeking dismissal as parties in this matter. (Dkt. 7). The Moving Defendants claim that neither employed Pacho, that they had no involvement in the events at issue, and that accordingly, they could not have discriminated or retaliated against Pacho. (*Id.* at 1). On December 20, 2021, Plaintiff filed a response, explaining that it sued all three defendants "based on their convoluted corporate structure," as a result of which "it is not clear . . . which of the entities (or perhaps all of them) employed [Pacho]." (Dkt. 8, at 2). Plaintiff states that at this stage of litigation he has been unable to ascertain which corporate entity employed Pacho, adding that discovery is necessary to "solve this riddle." (*Id.*). The Court agrees, and so will deny the Motion.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

### III. DISCUSSION

The Moving Defendants seek dismissal of all claims against them because they claim not to have ever employed Pacho. (Dkt. 7, at 1). Their barebones, two-page motion contains no evidence or citation to a public record to support their contention. The extent of their arguments is that "[t]he Plaintiff's claims fail, facially, as [Hi Tech Motorcars, LLC] nor [Hi Tech Luxury Imports, LLC] employed Mr. Pacho." (*Id.* at 2). Likewise, in its answer, Defendant Hi Tech Imports, LLC, "avers that upon information and belief, Hi Tech Motorcars, LLC nor Hi Tech Luxury Imports, LLC employed Pacho." (Dkt. 3, at 1).

As is customary at this stage of the litigation, the competing claims of both sides in the dispute are unsubstantiated. But Plaintiff's claims that Pacho was employed by all three defendants is nonetheless plausible. Absent any evidence, citation, or other information shedding light on the relationship among Defendants, the Court has no reason to accept Defendants' claims regarding Pacho's employment over Plaintiff's. When taken as true, as is required in ruling on a Rule 12(b)(6)

motion, Plaintiff's allegations allow the Court to "draw the reasonable inference" that any or all of the defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court agrees with Plaintiff that discovery will be instrumental in sorting out the competing claims of the parties and determining the actual business and employment relationships among them. (*See* Dkt. 8, at 2). Accordingly, the Court will deny the instant motion and allow the action to proceed against all defendants named.

## VI. CONCLUSION

For these reasons, **IT IS ORDERED** that the Moving Defendants' Motion to Dismiss Plaintiff's Complaint, (Dkt. 7), is **DENIED**.

**SIGNED** on July 22, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE